Law Offices of
Stephen W. Bruccoleri
By: Stephen W. Bruccoleri
11 Woodhurst Drive
Voorhees, NJ 08043
(856) 848-2217
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

RAYMOND R. LENHART, JR. &         :
SUSAN LENHART, h/w                 :
2734 S. Fairhill Street            :
Philadelphia, PA 19148             :
         *Plaintiffs*              :
         vs.                       :
OCEAN SPRAY CRANBERRIES, INC.      :
One Ocean Spray Drive              :
Lakeville-Middleboro, MA 02349     :
         and                       :
K. TRUCKING & SON, INC.            :
2381 Cranberry Highway             :
West Wareham, MA 02576             :
         and                       :
RYDER TRUCK RENTAL, INC.           :
11690 NW 105th Street              :
Miami, FL 33178                    :
         and                       :
CLIFFSTAR CORPORATION              :
One Cliffstar Avenue               :
Dunkirk, NY 14048                  :   CIVIL ACTION NO. 1:10-cv-02130 (NLH-AMD)
         and                       :
ABOVE & BEYOND COURIER             :
3870 Broadway Avenue               :
Cheektowaga, NY 14227              :
         and                       :
K&A CARRIER SERVICE                :
3870 Broadway Avenue               :
Cheektowaga, NY 14227              :
         and                       :
UTILITY TRAILER MANUFACTURING CO.  :
17295 E. Railroad Street           :
City of Industry, CA 91748         :
         and                       :
PAYLESS FREIGHT, INC.              :
3860 Broadway, Building A          :
Cheektowaga, NY 14227              :
         and                       :
JOHN DOE TRAILER OWNER             :
         and                       :
JOHN DOE TRAILER OPERATOR          :
         and                       :
JOHN DOE MAINTENANCE COMPANY       :
         and                       :
JOHN DOE, #s 1-5                   :
         *Defendants*              :

## PLAINTIFFS' AMENDED COMPLAINT

1.      Plaintiff, Raymond R. Lenhart, Jr., is an individual citizen and resident of the Commonwealth of Pennsylvania, County of Philadelphia, residing therein at 2734 S. Fairhill Street, Philadelphia, Pennsylvania 19148.

2.      Plaintiff, Susan Lenhart, is an individual citizen and resident of the Commonwealth of Pennsylvania, County of Philadelphia, residing therein with her husband, Plaintiff, Raymond R. Lenhart, Jr., at 2734 S. Fairhill Street, Philadelphia, Pennsylvania 19148.

3.      Defendant, Ocean Spray Cranberries, Inc., is a corporation organized and existing by virtue of the laws of the Commonwealth of Massachusetts, with corporate offices located at One Ocean Spray Drive, Lakeville-Middleboro, MA 02349, which Defendant at all times material hereto conducted business, inter alia, in the State of New Jersey and owned, operated, managed, maintained and controlled the transportation trailer containing cranberries, specifically a Utility 53' trailer bearing number 5305 attached to Ryder tractor number 592019.

4.      Defendant, K. Trucking & Son, Inc., is a corporation organized and existing by virtue of the laws of the Commonwealth of Massachusetts, with corporate offices located at 2381 Cranberry Highway, West Wareham, MA 02576, which Defendant at all times material hereto conducted business, inter alia, in the State of New Jersey and owned, operated, managed, maintained and controlled the transportation trailer containing cranberries, specifically a Utility 53' trailer bearing number 5305 attached to Ryder tractor number 592019.

5.      Defendant, Ryder Truck Rental, Inc., is a corporation organized and existing by virtue of the laws of the State of Florida, with corporate offices located at 11690 NW 105th Street, Miami, FL 33178, which Defendant at all times material hereto conducted business, inter alia, in the State of New Jersey in Camden County at 706 Grant Street, Camden, NJ 08102, and owned, operated, managed, maintained and controlled the transportation trailer containing cranberries, specifically a Utility 53' trailer bearing number 5305 attached to Ryder tractor number 592019.

6.      Defendant, Cliffstar Corporation, is a corporation organized and existing by virtue

of the laws of the State of New York, with corporate offices located at One Cliffstar Avenue, Dunkirk, NY 14048, which Defendant at all times material hereto conducted business, inter alia, in the State of New Jersey and owned, operated, managed, maintained and controlled the transportation trailer containing cranberries, specifically a Utility 53' trailer bearing number 5305 attached to Ryder tractor number 592019.

7.     Defendant, Above & Beyond Courier, is a proprietorship, partnership, and/or corporation organized and existing by virtue of the laws of the State of New York, with corporate offices located at 3870 Broadway Avenue, Cheektowaga, NY 14227, which Defendant at all times material hereto conducted business, inter alia, in the State of New Jersey and owned, operated, managed, maintained and controlled the transportation trailer containing cranberries, specifically a Utility 53' trailer bearing number 5305 attached to Ryder tractor number 592019.

8.     Defendant, K&A Carrier Service, is a proprietorship, partnership, and/or corporation organized and existing by virtue of the laws of the State of New York, with corporate offices located at 3870 Broadway Avenue, Cheektowaga, NY 14227, which Defendant at all times material hereto conducted business, inter alia, in the State of New Jersey and owned, operated, managed, maintained and controlled the transportation trailer containing cranberries, specifically a Utility 53' trailer bearing number 5305 attached to Ryder tractor number 592019.

9.     Defendant, Utility Trailer Manufacturing Co., is a proprietorship, partnership, and/or corporation organized and existing by virtue of the laws of the State of California, with corporate offices located at 17295 E. Railroad Street, City of Industry, CA 91748, which Defendant at all times material hereto conducted business, inter alia, in the State of New Jersey and manufactured, owned, operated, managed, maintained and controlled the transportation trailer containing cranberries, specifically a Utility 53' trailer bearing number 5305 attached to Ryder tractor number 592019.

10.     Defendant, Payless Freight, Inc., is a corporation organized and existing by virtue of the laws of the State of New York, with a principal place of business located at 3860 Broadway,

Building A. Cheektowaga, NY 14221, which Defendant at all times material hereto conducted business, <u>inter alia</u>, in the State of New Jersey and manufactured, owned, operated, managed, maintained and controlled the transportation trailer containing cranberries, specifically a Utility 53' trailer bearing number 5305 attached to Ryder tractor number 592019.

11.    Defendant, John Doe Trailer Owner, is a proprietorship, partnership and/or corporation, the identity of which is unknown to Plaintiffs after reasonable investigation, which Defendant at all times material hereto conducted business, <u>inter alia</u>, in the State of New Jersey and owned, operated, managed, maintained and controlled the transportation trailer containing cranberries, specifically a Utility 53' trailer bearing number 5305 attached to Ryder tractor number 592019, and was the proximate cause of Plaintiffs' injuries and damages as set forth herein.

12.    Defendant, John Doe Trailer Operator, is a proprietorship, partnership and/or corporation, the identity of which is unknown to Plaintiffs after reasonable investigation, which Defendant at all times material hereto conducted business, <u>inter alia</u>, in the State of New Jersey and owned, operated, managed, maintained and controlled the transportation trailer containing cranberries, specifically a Utility 53' trailer bearing number 5305 attached to Ryder tractor number 592019, and was the proximate cause of Plaintiffs' injuries and damages as set forth herein.

13.    Defendant, John Doe Maintenance Company, is a proprietorship, partnership and/or corporation, the identity of which is unknown to Plaintiffs after reasonable investigation, which Defendant at all times material hereto conducted business, <u>inter alia</u>, in the State of New Jersey and owned, operated, managed, maintained and controlled the transportation trailer containing cranberries, specifically a Utility 53' trailer bearing number 5305 attached to Ryder tractor number 592019, and was the proximate cause of Plaintiffs' injuries and damages as set forth herein.

14.    Defendants, John Doe, #s 1-5, are proprietorships, partnerships and/or corporations, the identity of which is unknown to Plaintiffs after reasonable investigation, which Defendants at all times material hereto conducted business, <u>inter alia</u>, in the State of New Jersey and owned,

operated, managed, maintained and controlled the transportation trailer containing cranberries, specifically a Utility 53' trailer bearing number 5305 attached to Ryder tractor number 592019, and were the proximate cause of Plaintiffs' injuries and damages as set forth herein.

15.     On March 10, 2008 Plaintiff, Raymond R. Lenhart, Jr., while in the course and scope of his employment as a forklift operator with Quaker Valley Foods/NEP Cold Storage located at 2701 Red Lion Road, Philadelphia, Pennsylvania, was loading cranberries from inside the aforementioned trailer when suddenly and unexpectedly, an inadequate defective plate on the floor of the subject trailer dislodged causing the left forklift tire to go into an insidious, hidden, longstanding, defective hole on the floor of the trailer resulting in Plaintiff, Raymond R. Lenhart, Jr.'s knees to strike the steering column with his foot becoming struck between the brake and the gas resulting in severe and permanent injury to Plaintiff which will be more fully set forth herein at length.

**COUNT I**

**RAYMOND R. LENHART, JR. VS. OCEAN SPRAY CRANBERRIES, INC.**

**NEGLIGENCE**

16.     Plaintiff, Raymond R. Lenhart, Jr., hereby incorporates by reference hereto paragraphs one through fifteen, inclusively, as if the same were fully set forth herein at length.

17.     The aforementioned incident was caused solely by the negligence of the Defendants named herein, individually and by and through their agents, servants, workmen and/or employees, in failing to properly maintain the subject trailer.

18.     The negligence, recklessness and carelessness of the Defendants named herein consisted, inter alia, of the following:

> (a)     failing to properly maintain the subject floor of the trailer and abate the aforementioned defective condition, which the Defendants knew, or reasonably should have known existed prior to the time of Plaintiff's injury;

(b)     failing to warn all individuals who would be in the proximity of the dangerous condition that same existed;

(c)     allowing a dangerous and hazardous condition to exist on the subject floor of the trailer;

(d)     failing to properly maintain the subject trailer in accordance with the federal, state, and local ordinances;

(e)     failing to remedy the defective condition which existed on the subject trailer floor as to avoid injury to individuals, such as Plaintiff, when the Defendants knew, or reasonably should have known that by failing to remove the subject defective condition, they presented an ever-increasing risk of harm to individuals such as Plaintiff;

(f)     failing to properly inspect the subject trailer in an effort to discover the defective condition and thereby remedy same;

(g)     allowing the trailer to be utilized in a dangerous defective condition;

(h)     such other negligence as may be revealed through discovery and/or at the time of trial; and,

(i)     being otherwise negligent under the circumstances.

19.     As a result of the aforementioned incident Plaintiff, Raymond R. Lenhart, Jr., was caused to sustain serious and permanent injuries in, on and about his person including, but not limited to, tear of the posterior horn of the medial meniscus and degeneration of the posterior lateral horn of the meniscus, contusion of the tibial spine and joint effusion, which injuries required surgical intervention in the nature of arthroscopy with medial and lateral meniscectomies and chondroplasty with resultant permanent scarring, all of which have caused him and will continue to cause him a great deal of pain, suffering and inconvenience, and all of which are permanent in nature, character and duration.

20.     As a result of the aforementioned incident and resultant injuries, Plaintiff, Raymond R. Lenhart, Jr., has been caused to expend various sums of money for medicine and medical attention in an effort to treat and cure himself of his injuries and to have essential services performed during the duration of his physical impairment, all to his great financial detriment and loss.

21.     As a further result of the aforementioned incident and resultant injuries, Plaintiff, Raymond R. Lenhart, Jr., has been prevented from attending to his usual and customary duties, avocations and occupations, thereby causing him to sustain a loss of earnings and/or earning capacity, all to his great financial detriment and loss.

WHEREFORE, Plaintiff, Raymond R. Lenhart, Jr., hereby demands judgment against Defendant, Ocean Spray Cranberries, Inc., in an amount which will fairly and justly compensate Plaintiff for his injuries and damages.

## COUNT II

## RAYMOND R. LENHART, JR. VS. K. TRUCKING & SON, INC.

## NEGLIGENCE

22.     Plaintiff, Raymond R. Lenhart, Jr., hereby incorporates by reference hereto paragraphs one through twenty-one, inclusively, as if the same were fully set forth herein at length.

23.     The aforementioned incident was caused solely by the negligence of the Defendants named herein, individually and by and through their agents, servants, workmen and/or employees, in failing to properly maintain the subject trailer.

24.     The negligence, recklessness and carelessness of the Defendants named herein consisted, inter alia, of the following:

(a)     failing to properly maintain the subject floor of the trailer and abate the aforementioned defective condition, which the Defendants knew, or reasonably should have known existed prior to the time of Plaintiff's injury;

(b)     failing to warn all individuals who would be in the proximity of the

dangerous condition that same existed;

(c)    allowing a dangerous and hazardous condition to exist on the subject floor of the trailer;

(d)    failing to properly maintain the subject trailer in accordance with the federal, state, and local ordinances;

(e)    failing to remedy the defective condition which existed on the subject trailer floor as to avoid injury to individuals, such as Plaintiff, when the Defendants knew, or reasonably should have known that by failing to remove the subject defective condition, they presented an ever-increasing risk of harm to individuals such as Plaintiff;

(f)    failing to properly inspect the subject trailer in an effort to discover the defective condition and thereby remedy same;

(g)    allowing the trailer to be utilized in a dangerous defective condition;

(h)    such other negligence as may be revealed through discovery and/or at the time of trial; and,

(i)    being otherwise negligent under the circumstances.

25.    As a result of the aforementioned incident Plaintiff, Raymond R. Lenhart, Jr., was caused to sustain serious and permanent injuries in, on and about his person including, but not limited to, tear of the posterior horn of the medial meniscus and degeneration of the posterior lateral horn of the meniscus, contusion of the tibial spine and joint effusion, which injuries required surgical intervention in the nature of arthroscopy with medial and lateral meniscectomies and chondroplasty with resultant permanent scarring, all of which have caused him and will continue to cause him a great deal of pain, suffering and inconvenience, and all of which are permanent in nature, character and duration.

26.    As a result of the aforementioned incident and resultant injuries, Plaintiff, Raymond

R. Lenhart, Jr., has been caused to expend various sums of money for medicine and medical attention in an effort to treat and cure himself of his injuries and to have essential services performed during the duration of his physical impairment, all to his great financial detriment and loss.

27.     As a further result of the aforementioned incident and resultant injuries, Plaintiff, Raymond R. Lenhart, Jr., has been prevented from attending to his usual and customary duties, avocations and occupations, thereby causing him to sustain a loss of earnings and/or earning capacity, all to his great financial detriment and loss.

WHEREFORE, Plaintiff, Raymond R. Lenhart, Jr., hereby demands judgment against Defendant, K. Trucking & Son, Inc., in an amount which will fairly and justly compensate Plaintiff for his injuries and damages.

## COUNT III

## RAYMOND R. LENHART, JR. VS. RYDER TRUCK RENTAL, INC.

### NEGLIGENCE

28.     Plaintiff, Raymond R. Lenhart, Jr., hereby incorporates by reference hereto paragraphs one through twenty-seven, inclusively, as if the same were fully set forth herein at length.

29.     The aforementioned incident was caused solely by the negligence of the Defendants named herein, individually and by and through their agents, servants, workmen and/or employees, in failing to properly maintain the subject trailer.

30.     The negligence, recklessness and carelessness of the Defendants named herein consisted, inter alia, of the following:

(a)     failing to properly maintain the subject floor of the trailer and abate the aforementioned defective condition, which the Defendants knew, or reasonably should have known existed prior to the time of Plaintiff's injury;

(b)     failing to warn all individuals who would be in the proximity of the dangerous condition that same existed;

(c)     allowing a dangerous and hazardous condition to exist on the subject floor of the trailer;

(d)     failing to properly maintain the subject trailer in accordance with the federal, state, and local ordinances;

(e)     failing to remedy the defective condition which existed on the subject trailer floor as to avoid injury to individuals, such as Plaintiff, when the Defendants knew, or reasonably should have known that by failing to remove the subject defective condition, they presented an ever-increasing risk of harm to individuals such as Plaintiff;

(f)     failing to properly inspect the subject trailer in an effort to discover the defective condition and thereby remedy same;

(g)     allowing the trailer to be utilized in a dangerous defective condition;

(h)     such other negligence as may be revealed through discovery and/or at the time of trial; and,

(i)     being otherwise negligent under the circumstances.

31.     As a result of the aforementioned incident Plaintiff, Raymond R. Lenhart, Jr., was caused to sustain serious and permanent injuries in, on and about his person including, but not limited to, tear of the posterior horn of the medial meniscus and degeneration of the posterior lateral horn of the meniscus, contusion of the tibial spine and joint effusion, which injuries required surgical intervention in the nature of arthroscopy with medial and lateral meniscectomies and chondroplasty with resultant permanent scarring, all of which have caused him and will continue to cause him a great deal of pain, suffering and inconvenience, and all of which are permanent in nature, character and duration.

32.     As a result of the aforementioned incident and resultant injuries, Plaintiff, Raymond R. Lenhart, Jr., has been caused to expend various sums of money for medicine and medical attention

- 10 -

in an effort to treat and cure himself of his injuries and to have essential services performed during the duration of his physical impairment, all to his great financial detriment and loss.

33.     As a further result of the aforementioned incident and resultant injuries, Plaintiff, Raymond R. Lenhart, Jr., has been prevented from attending to his usual and customary duties, avocations and occupations, thereby causing him to sustain a loss of earnings and/or earning capacity, all to his great financial detriment and loss.

WHEREFORE, Plaintiff, Raymond R. Lenhart, Jr., hereby demands judgment against Defendant, Ryder Truck Rental, Inc., in an amount which will fairly and justly compensate Plaintiff for his injuries and damages.

## COUNT IV

## RAYMOND R. LENHART, JR. VS. CLIFFSTAR CORPORATION

## NEGLIGENCE

34.     Plaintiff, Raymond R. Lenhart, Jr., hereby incorporates by reference hereto paragraphs one through thirty-three, inclusively, as if the same were fully set forth herein at length.

35.     The aforementioned incident was caused solely by the negligence of the Defendants named herein, individually and by and through their agents, servants, workmen and/or employees, in failing to properly maintain the subject trailer.

36.     The negligence, recklessness and carelessness of the Defendants named herein consisted, inter alia, of the following:

    (a)     failing to properly maintain the subject floor of the trailer and abate the aforementioned defective condition, which the Defendants knew, or reasonably should have known existed prior to the time of Plaintiff's injury;

    (b)     failing to warn all individuals who would be in the proximity of the dangerous condition that same existed;

    (c)     allowing a dangerous and hazardous condition to exist on the subject floor of

- 11 -

the trailer;

(d)   failing to properly maintain the subject trailer in accordance with the federal, state, and local ordinances;

(e)   failing to remedy the defective condition which existed on the subject trailer floor as to avoid injury to individuals, such as Plaintiff, when the Defendants knew, or reasonably should have known that by failing to remove the subject defective condition, they presented an ever-increasing risk of harm to individuals such as Plaintiff;

(f)   failing to properly inspect the subject trailer in an effort to discover the defective condition and thereby remedy same;

(g)   allowing the trailer to be utilized in a dangerous defective condition;

(h)   such other negligence as may be revealed through discovery and/or at the time of trial; and,

(i)   being otherwise negligent under the circumstances.

37.   As a result of the aforementioned incident Plaintiff, Raymond R. Lenhart, Jr., was caused to sustain serious and permanent injuries in, on and about his person including, but not limited to, tear of the posterior horn of the medial meniscus and degeneration of the posterior lateral horn of the meniscus, contusion of the tibial spine and joint effusion, which injuries required surgical intervention in the nature of arthroscopy with medial and lateral meniscectomies and chondroplasty with resultant permanent scarring, all of which have caused him and will continue to cause him a great deal of pain, suffering and inconvenience, and all of which are permanent in nature, character and duration.

38.   As a result of the aforementioned incident and resultant injuries, Plaintiff, Raymond R. Lenhart, Jr., has been caused to expend various sums of money for medicine and medical attention in an effort to treat and cure himself of his injuries and to have essential services performed during

the duration of his physical impairment, all to his great financial detriment and loss.

39.     As a further result of the aforementioned incident and resultant injuries, Plaintiff, Raymond R. Lenhart, Jr., has been prevented from attending to his usual and customary duties, avocations and occupations, thereby causing him to sustain a loss of earnings and/or earning capacity, all to his great financial detriment and loss.

WHEREFORE, Plaintiff, Raymond R. Lenhart, Jr., hereby demands judgment against Defendant, Cliffstar Corporation, in an amount which will fairly and justly compensate Plaintiff for his injuries and damages.

## COUNT V

## RAYMOND R. LENHART, JR. VS. ABOVE & BEYOND COURIER

## NEGLIGENCE

40.     Plaintiff, Raymond R. Lenhart, Jr., hereby incorporates by reference hereto paragraphs one through thirty-nine, inclusively, as if the same were fully set forth herein at length.

41.     The aforementioned incident was caused solely by the negligence of the Defendants named herein, individually and by and through their agents, servants, workmen and/or employees, in failing to properly maintain the subject trailer.

42.     The negligence, recklessness and carelessness of the Defendants named herein consisted, inter alia, of the following:

(a)     failing to properly maintain the subject floor of the trailer and abate the aforementioned defective condition, which the Defendants knew, or reasonably should have known existed prior to the time of Plaintiff's injury;

(b)     failing to warn all individuals who would be in the proximity of the dangerous condition that same existed;

(c)     allowing a dangerous and hazardous condition to exist on the subject floor of the trailer;

(d)  failing to properly maintain the subject trailer in accordance with the federal, state, and local ordinances;

(e)  failing to remedy the defective condition which existed on the subject trailer floor as to avoid injury to individuals, such as Plaintiff, when the Defendants knew, or reasonably should have known that by failing to remove the subject defective condition, they presented an ever-increasing risk of harm to individuals such as Plaintiff;

(f)  failing to properly inspect the subject trailer in an effort to discover the defective condition and thereby remedy same;

(g)  allowing the trailer to be utilized in a dangerous defective condition;

(h)  such other negligence as may be revealed through discovery and/or at the time of trial; and,

(i)  being otherwise negligent under the circumstances.

43.   As a result of the aforementioned incident Plaintiff, Raymond R. Lenhart, Jr., was caused to sustain serious and permanent injuries in, on and about his person including, but not limited to, tear of the posterior horn of the medial meniscus and degeneration of the posterior lateral horn of the meniscus, contusion of the tibial spine and joint effusion, which injuries required surgical intervention in the nature of arthroscopy with medial and lateral meniscectomies and chondroplasty with resultant permanent scarring, all of which have caused him and will continue to cause him a great deal of pain, suffering and inconvenience, and all of which are permanent in nature, character and duration.

44.   As a result of the aforementioned incident and resultant injuries, Plaintiff, Raymond R. Lenhart, Jr., has been caused to expend various sums of money for medicine and medical attention in an effort to treat and cure himself of his injuries and to have essential services performed during the duration of his physical impairment, all to his great financial detriment and loss.

45.     As a further result of the aforementioned incident and resultant injuries, Plaintiff, Raymond R. Lenhart, Jr., has been prevented from attending to his usual and customary duties, avocations and occupations, thereby causing him to sustain a loss of earnings and/or earning capacity, all to his great financial detriment and loss.

WHEREFORE, Plaintiff, Raymond R. Lenhart, Jr., hereby demands judgment against Defendant, Above & Beyond Courier, in an amount which will fairly and justly compensate Plaintiff for his injuries and damages.

**COUNT VI**

**RAYMOND R. LENHART, JR. VS. K&A CARRIER SERVICE**

**NEGLIGENCE**

46.     Plaintiff, Raymond R. Lenhart, Jr., hereby incorporates by reference hereto paragraphs one through forty-five, inclusively, as if the same were fully set forth herein at length.

47.     The aforementioned incident was caused solely by the negligence of the Defendants named herein, individually and by and through their agents, servants, workmen and/or employees, in failing to properly maintain the subject trailer.

48.     The negligence, recklessness and carelessness of the Defendants named herein consisted, inter alia, of the following:

(a)     failing to properly maintain the subject floor of the trailer and abate the aforementioned defective condition, which the Defendants knew, or reasonably should have known existed prior to the time of Plaintiff's injury;

(b)     failing to warn all individuals who would be in the proximity of the dangerous condition that same existed;

(c)     allowing a dangerous and hazardous condition to exist on the subject floor of the trailer;

(d)     failing to properly maintain the subject trailer in accordance with the federal,

state, and local ordinances;

(e) failing to remedy the defective condition which existed on the subject trailer floor as to avoid injury to individuals, such as Plaintiff, when the Defendants knew, or reasonably should have known that by failing to remove the subject defective condition, they presented an ever-increasing risk of harm to individuals such as Plaintiff;

(f) failing to properly inspect the subject trailer in an effort to discover the defective condition and thereby remedy same;

(g) allowing the trailer to be utilized in a dangerous defective condition;

(h) such other negligence as may be revealed through discovery and/or at the time of trial; and,

(i) being otherwise negligent under the circumstances.

49. As a result of the aforementioned incident Plaintiff, Raymond R. Lenhart, Jr., was caused to sustain serious and permanent injuries in, on and about his person including, but not limited to, tear of the posterior horn of the medial meniscus and degeneration of the posterior lateral horn of the meniscus, contusion of the tibial spine and joint effusion, which injuries required surgical intervention in the nature of arthroscopy with medial and lateral meniscectomies and chondroplasty with resultant permanent scarring, all of which have caused him and will continue to cause him a great deal of pain, suffering and inconvenience, and all of which are permanent in nature, character and duration.

50. As a result of the aforementioned incident and resultant injuries, Plaintiff, Raymond R. Lenhart, Jr., has been caused to expend various sums of money for medicine and medical attention in an effort to treat and cure himself of his injuries and to have essential services performed during the duration of his physical impairment, all to his great financial detriment and loss.

51. As a further result of the aforementioned incident and resultant injuries, Plaintiff,

Raymond R. Lenhart, Jr., has been prevented from attending to his usual and customary duties, avocations and occupations, thereby causing him to sustain a loss of earnings and/or earning capacity, all to his great financial detriment and loss.

WHEREFORE, Plaintiff, Raymond R. Lenhart, Jr., hereby demands judgment against Defendant, K&A Carrier Service, in an amount which will fairly and justly compensate Plaintiff for his injuries and damages.

## COUNT VII

## RAYMOND R. LENHART, JR. VS. UTILITY TRAILER MANUFACTURING CO.

## NEGLIGENCE

52.     Plaintiff, Raymond R. Lenhart, Jr., hereby incorporates by reference hereto paragraphs one through fifty-one, inclusively, as if the same were fully set forth herein at length.

53.     The aforementioned incident was caused solely by the negligence of the Defendants named herein, individually and by and through their agents, servants, workmen and/or employees, in failing to properly maintain the subject trailer.

54.     The negligence, recklessness and carelessness of the Defendants named herein consisted, inter alia, of the following:

(a)     failing to properly maintain the subject floor of the trailer and abate the aforementioned defective condition, which the Defendants knew, or reasonably should have known existed prior to the time of Plaintiff's injury;

(b)     failing to warn all individuals who would be in the proximity of the dangerous condition that same existed;

(c)     allowing a dangerous and hazardous condition to exist on the subject floor of the trailer;

(d)     failing to properly maintain the subject trailer in accordance with the federal, state, and local ordinances;

(e)    failing to remedy the defective condition which existed on the subject trailer floor as to avoid injury to individuals, such as Plaintiff, when the Defendants knew, or reasonably should have known that by failing to remove the subject defective condition, they presented an ever-increasing risk of harm to individuals such as Plaintiff;

(f)    failing to properly inspect the subject trailer in an effort to discover the defective condition and thereby remedy same;

(g)    allowing the trailer to be utilized in a dangerous defective condition;

(h)    such other negligence as may be revealed through discovery and/or at the time of trial; and,

(i)    being otherwise negligent under the circumstances.

55.    As a result of the aforementioned incident Plaintiff, Raymond R. Lenhart, Jr., was caused to sustain serious and permanent injuries in, on and about his person including, but not limited to, tear of the posterior horn of the medial meniscus and degeneration of the posterior lateral horn of the meniscus, contusion of the tibial spine and joint effusion, which injuries required surgical intervention in the nature of arthroscopy with medial and lateral meniscectomies and chondroplasty with resultant permanent scarring, all of which have caused him and will continue to cause him a great deal of pain, suffering and inconvenience, and all of which are permanent in nature, character and duration.

56.    As a result of the aforementioned incident and resultant injuries, Plaintiff, Raymond R. Lenhart, Jr., has been caused to expend various sums of money for medicine and medical attention in an effort to treat and cure himself of his injuries and to have essential services performed during the duration of his physical impairment, all to his great financial detriment and loss.

57.    As a further result of the aforementioned incident and resultant injuries, Plaintiff, Raymond R. Lenhart, Jr., has been prevented from attending to his usual and customary duties,

avocations and occupations, thereby causing him to sustain a loss of earnings and/or earning capacity, all to his great financial detriment and loss.

WHEREFORE, Plaintiff, Raymond R. Lenhart, Jr., hereby demands judgment against Defendant, Utility Trailer Manufacturing Co., in an amount which will fairly and justly compensate Plaintiff for his injuries and damages.

## COUNT VIII

## RAYMOND R. LENHART, JR., VS. UTILITY TRAILER MANUFACTURING CO.

## NEGLIGENCE

58.     Plaintiff, Raymond R. Lenhart, Jr., hereby incorporates by reference hereto paragraphs one through fifty-seven, inclusively, as if the same were fully set forth herein at length.

59.     The Defendant had a duty to use the reasonable care of an expert in all aspects of its research, development, design, engineering, manufacture, inspection, testing, reworking, labeling, advertising, promotion, distribution, repair, lease, warning, assembling, and sale of the subject trailer manufactured, sold, designed, distributed, and assembled by the Defendant named herein.

60.     Any dangers or defects in the product and the product's repair could not reasonably be discovered by the Plaintiff who lacked and denied access to specialized knowledge and/or information possessed by the Defendant with regard to the occurrence and the cause of the occurrence of March 10, 2008.

61.     Defendant breached its duty to use the due care of an expert and the duty to use reasonable care, in that the Defendant negligently and carelessly designed, engineered, constructed, fabricated, manufactured, assembled, and/or repaired the subject the trailer in such a manner that it was likely, and in fact did result in serious injury to Plaintiff, an foreseeable ultimate user of the subject product, who attempted to use the product for its intended purpose. The subject product, at all times material hereto, left the Defendant's hands in an unreasonable, unsafe, and dangerous, defective condition as outlined hereinafter.

62.     The negligence and carelessness of the Defendant consisted of the following:

(a)     failing to properly design, manufacture, and/or assemble the subject trailer so that it was safe for its intended use;

(b)     failing to make reasonable inspection of the product to discover any defects that existed when the subject product left the hands of the Defendant;

(c)     failing to warn and/or affix a warning and/or adequate warning to the product to make it safe for its intended use by the ultimate user such as the Plaintiff;

(d)     failing to warn Plaintiff of the defects in the subject product when the Defendant knew, or reasonably should have known that the defects constituted a foreseeable danger to the ultimate user or consumer such as Plaintiff;

(e)     failing to properly manufacture and/or assemble the subject trailer in that it was in a condition not contemplated by the ultimate user/consumer which would be, and/or was, unreasonably dangerous to the ultimate user/consumer and, thereby proximately causing injury therefrom;

(f)     failing to inspect, test, and/or warn of the foreseeable dangerous in use of the subject product in a manner for which it was intended and allowing the Plaintiff to use the subject product safely for its intended use;

(g)     manufacturing, designing, and/or assembling the subject product in violation of local, state, and federal regulations, ordinances, and statutes, specifically with respect to the manufacture, design, distribution, and assembly of the product without proper/safe flooring;

(h)     negligently designing, manufacturing, and/or assembling the product in negligently utilizing inadequate flooring which placed the ultimate user and/or consumer in a foreseeably dangerous position;

- 20 -

(i)    negligently designing, manufacturing, and/or assembling the subject product in failing to provide for design of properly functioning flooring to prevent injury to the ultimate user/consumer;

(j)    failing to design, manufacture, and/or assemble the flooring of the subject trailer in accordance with acceptable safety engineering principles in failing to utilize a properly functioning flooring so as to avoid injury to the ultimate user and/or consumer;

(k)    failing to warn the ultimate user and/or consumer that the subject trailer was not equipped with an adequate floor to prevent injury to the ultimate user and/or consumer;

(l)    failing to design, manufacture, and assemble the subject product in accordance with acceptable engineering principles; and,

(m)    failing to warn against foreseeable misuses of the product such that the product would be used in context which would be foreseeably unsafe for the ultimate user and/or consumer and presented a foreseeable risk of injury to the ultimate user and/or consumer;

(n)    failing to properly assemble the subject trailer so that the floor would deteriorate causing openings in the flooring;

(o)    such other negligence as may be proven during discovery and prior to trial;

(p)    negligence per se and statutory negligence.

63.    The subject incident does not occur and would not occur in the absence of the negligence of the Defendant, and Plaintiff had no control over the actions or inactions of the Defendant at the time of the subject incident and, accordingly, the Defendant is responsible to the Plaintiff for his injuries under, and pursuant to, the Doctrine of Res Ipsa Loquitur.

64.    As a result of the aforementioned incident Plaintiff, Raymond R. Lenhart, Jr., was

caused to sustain serious and permanent injuries in, on and about his person including, but not limited to, tear of the posterior horn of the medial meniscus and degeneration of the posterior lateral horn of the meniscus, contusion of the tibial spine and joint effusion, which injuries required surgical intervention in the nature of arthroscopy with medial and lateral meniscectomies and chondroplasty with resultant permanent scarring, all of which have caused him and will continue to cause him a great deal of pain, suffering and inconvenience, and all of which are permanent in nature, character and duration.

65.    As a result of the aforementioned incident and resultant injuries, Plaintiff, Raymond R. Lenhart, Jr., has been caused to expend various sums of money for medicine and medical attention in an effort to treat and cure himself of his injuries and to have essential services performed during the duration of his physical impairment, all to his great financial detriment and loss.

66.    As a further result of the aforementioned incident and resultant injuries, Plaintiff, Raymond R. Lenhart, Jr., has been prevented from attending to his usual and customary duties, avocations and occupations, thereby causing him to sustain a loss of earnings and/or earning capacity, all to his great financial detriment and loss.

WHEREFORE, Plaintiff, Raymond R. Lenhart, Jr., hereby demands judgment against Defendant, Utility Trailer Manufacturing Co., in an amount which will fairly and justly compensate Plaintiff for his injuries and damages.

## COUNT IX

## RAYMOND R. LENHART, JR. VS. UTILITY TRAILER MANUFACTURING CO.

## STRICT LIABILITY IN TORT PURSUANT TO §402A
## (RESTATEMENT SECOND OF TORTS)

67.    Plaintiff, Raymond R. Lenhart, Jr., hereby incorporates by reference hereto paragraphs one through sixty-six, inclusively, as if the same were fully set forth herein at length.

68.    Defendant sold, manufactured, designed, distributed, and assembled the subject trailer

which caused injury to the Plaintiff as above-referenced in a defective condition, unreasonably dangerous to the ultimate user and/or consumer such as Plaintiff, thereby causing injury proximately to the Plaintiff as above-referenced and, at all times material hereto, the Defendant engaged in the business of selling, manufacturing, assembling, and distributing the subject trailer with the expectation that the subject trailer would reach the ultimate user and/or consumer, such as Plaintiff herein, and was in fact used by Plaintiff in a condition without substantial change as of the time that the subject trailer left the Defendant's hands in such a defective condition.

69.     As such, the Defendant, as manufacturer, distributor, seller, assembler, and designer of the subject trailer, is strictly liable to Plaintiff pursuant to §402A (Restatement Second of Torts) in that the Defendant:

(a)     failed to properly design, manufacture, and/or assemble the subject trailer so that it was safe for its intended use;

(b)     failed to make reasonable inspection of the product to discover any defects that existed when the subject product left the hands of the Defendant;

(c)     failed to warn and/or affix a warning and/or adequate warning to the product to make it safe for its intended use by the ultimate user such as the Plaintiff;

(d)     failed to warn Plaintiff of the defects in the subject product when the Defendant knew, or reasonably should have known that the defects constituted a foreseeable danger to the ultimate user or consumer such as Plaintiff;

(e)     failed to properly manufacture and/or assemble the subject trailer in that it was in a condition not contemplated by the ultimate user/consumer which would be, and/or was, unreasonably dangerous to the ultimate user/consumer and, thereby proximately causing injury therefrom;

(f)     failed to inspect, test, and/or warn of the foreseeable dangerous in use of the

subject product in a manner for which it was intended and allowing the

Plaintiff to use the subject product safely for its intended use;

(g)     manufactured, designed, and/or assembled the subject product in violation of

local, state, and federal regulations, ordinances, and statutes, specifically with

respect to the manufacture, design, distribution, and assembly of the product

without proper/safe flooring;

(h)     negligently designed, manufactured, and/or assembled the product in

negligently utilizing inadequate flooring which placed the ultimate user

and/or consumer in a foreseeably dangerous position;

(i)     negligently designed, manufactured, and/or assembled the subject product in

failing to provide for design of properly functioning flooring to prevent injury

to the ultimate user/consumer;

(j)     failed to design, manufacture, and/or assemble the flooring of the subject

trailer in accordance with acceptable safety engineering principles in failing

to utilize a properly functioning flooring so as to avoid injury to the ultimate

user and/or consumer;

(k)     failed to warn the ultimate user and/or consumer that the subject trailer was

not equipped with an adequate floor to prevent injury to the ultimate user

and/or consumer;

(l)     failed to design, manufacture, and assemble the subject product in accordance

with acceptable engineering principles; and,

(m)     failed to warn against foreseeable misuses of the product such that the

product would be used in context which would be foreseeably unsafe for the

ultimate user and/or consumer and presented a foreseeable risk of injury to

the ultimate user and/or consumer;

(n)     failed to properly assemble the subject trailer so that the floor would deteriorate causing openings in the flooring;

(o)     such other negligence as may be proven during discovery and prior to trial;

(p)     negligence per se and statutory negligence.

70.     The subject incident does not occur and would not occur in the absence of the negligence of the Defendant, and Plaintiff had no control over the actions or inactions of the Defendant at the time of the subject incident and, accordingly, the Defendant is responsible to the Plaintiff for his injuries under, and pursuant to, the Doctrine of <u>Res Ipsa Loquitur</u>.

71.     As a result of the aforementioned incident Plaintiff, Raymond R. Lenhart, Jr., was caused to sustain serious and permanent injuries in, on and about his person including, but not limited to, tear of the posterior horn of the medial meniscus and degeneration of the posterior lateral horn of the meniscus, contusion of the tibial spine and joint effusion, which injuries required surgical intervention in the nature of arthroscopy with medial and lateral meniscectomies and chondroplasty with resultant permanent scarring, all of which have caused him and will continue to cause him a great deal of pain, suffering and inconvenience, and all of which are permanent in nature, character and duration.

72.     As a result of the aforementioned incident and resultant injuries, Plaintiff, Raymond R. Lenhart, Jr., has been caused to expend various sums of money for medicine and medical attention in an effort to treat and cure himself of his injuries and to have essential services performed during the duration of his physical impairment, all to his great financial detriment and loss.

73.     As a further result of the aforementioned incident and resultant injuries, Plaintiff, Raymond R. Lenhart, Jr., has been prevented from attending to his usual and customary duties, avocations and occupations, thereby causing him to sustain a loss of earnings and/or earning capacity, all to his great financial detriment and loss.

WHEREFORE, Plaintiff, Raymond R. Lenhart, Jr., hereby demands judgment against

Defendant, Utility Trailer Manufacturing Co., in an amount which will fairly and justly compensate Plaintiff for his injuries and damages.

## COUNT X

## RAYMOND R. LENHART, JR. VS. UTILITY TRAILER MANUFACTURING CO.

## BREACH OF EXPRESS AND IMPLIED WARRANTY OF MERCHANTABILITY

74.     Plaintiff, Raymond R. Lenhart, Jr., hereby incorporates by reference hereto paragraphs one through seventy-three, inclusively, as if the same were fully set forth herein at length.

75.     The Defendant breached its express and implied warranty of merchantability to the Plaintiff as the foreseeable ultimate user of the subject trailer, in that the Defendant expressly and/or impliedly represented that the subject trailer was of a quality comparable to that generally accepted in the trade under the description or designation of similar products; that the subject trailer was fit for the ordinary purpose for which it was intended to be used; that the subject trailer was designed and manufactured in accordance with acceptable engineering principles and, contained warnings sufficient to make the subject trailer safe for its intended use by the ultimate user and/or consumer; that the subject trailer was adequately contained, packaged and labeled as the original agreement of sale required; and that the subject trailer conformed to acceptable engineering principles in design, manufacture, and possessed the appropriate warnings sufficient to make it safe for its intended use as contained in the packaging materials accompanying the subject product when it left the Defendant's hands and as represented by the manufacturer's agents, servants, workmen and/or employees.

76.     The Defendant breached its express and implied warranty of merchantability to the Plaintiff when the Defendant, pursuant to the provisions of the Uniform Commercial Code, applicable federal laws, statutes, and local ordinances, and acceptable principles of engineering, failed to properly manufacture, sell, distribute, design, inspect, construct, lease, assemble, and/or maintain the subject trailer in use by the Plaintiff at the time of the accident of March 10, 2008, in

that the Defendants:

(a)   failed to properly design, manufacture, and/or assemble the subject trailer so that it was safe for its intended use;

(b)   failed to make reasonable inspection of the product to discover any defects that existed when the subject product left the hands of the Defendant;

(c)   failed to warn and/or affix a warning and/or adequate warning to the product to make it safe for its intended use by the ultimate user such as the Plaintiff;

(d)   failed to warn Plaintiff of the defects in the subject product when the Defendant knew, or reasonably should have known that the defects constituted a foreseeable danger to the ultimate user or consumer such as Plaintiff;

(e)   failed to properly manufacture and/or assemble the subject trailer in that it was in a condition not contemplated by the ultimate user/consumer which would be, and/or was, unreasonably dangerous to the ultimate user/consumer and, thereby proximately causing injury therefrom;

(f)   failed to inspect, test, and/or warn of the foreseeable dangerous in use of the subject product in a manner for which it was intended and allowing the Plaintiff to use the subject product safely for its intended use;

(g)   manufactured, designed, and/or assembled the subject product in violation of local, state, and federal regulations, ordinances, and statutes, specifically with respect to the manufacture, design, distribution, and assembly of the product without proper/safe flooring;

(h)   negligently designed, manufactured, and/or assembled the product in negligently utilizing inadequate flooring which placed the ultimate user and/or consumer in a foreseeably dangerous position;

(i)     negligently designed, manufactured, and/or assembled the subject product in failing to provide for design of properly functioning flooring to prevent injury to the ultimate user/consumer;

(j)     failed to design, manufacture, and/or assemble the flooring of the subject trailer in accordance with acceptable safety engineering principles in failing to utilize a properly functioning flooring so as to avoid injury to the ultimate user and/or consumer;

(k)     failed to warn the ultimate user and/or consumer that the subject trailer was not equipped with an adequate floor to prevent injury to the ultimate user and/or consumer;

(l)     failed to design, manufacture, and assemble the subject product in accordance with acceptable engineering principles; and,

(m)     failed to warn against foreseeable misuses of the product such that the product would be used in context which would be foreseeably unsafe for the ultimate user and/or consumer and presented a foreseeable risk of injury to the ultimate user and/or consumer;

(n)     failed to properly assemble the subject trailer so that the floor would deteriorate causing openings in the flooring;

(o)     such other negligence as may be proven during discovery and prior to trial;

(p)     negligence per se and statutory negligence.

77.     As a result of the negligence of the Defendant in breaching its express and implied warranty of merchantability, the Defendant's manufactured trailer used by Plaintiff at the time of the subject accident of March 10, 2008 was in fact not in the condition expressly and/or impliedly warranted by the Defendant as mentioned above, as a result of which Plaintiff was caused to sustain serious and permanent personal injuries without warning.

- 28 -

78.     As a result of the aforementioned incident Plaintiff, Raymond R. Lenhart, Jr., was caused to sustain serious and permanent injuries in, on and about his person including, but not limited to, tear of the posterior horn of the medial meniscus and degeneration of the posterior lateral horn of the meniscus, contusion of the tibial spine and joint effusion, which injuries required surgical intervention in the nature of arthroscopy with medial and lateral meniscectomies and chondroplasty with resultant permanent scarring, all of which have caused him and will continue to cause him a great deal of pain, suffering and inconvenience, and all of which are permanent in nature, character and duration.

79.     As a result of the aforementioned incident and resultant injuries, Plaintiff, Raymond R. Lenhart, Jr., has been caused to expend various sums of money for medicine and medical attention in an effort to treat and cure himself of his injuries and to have essential services performed during the duration of his physical impairment, all to his great financial detriment and loss.

80.     As a further result of the aforementioned incident and resultant injuries, Plaintiff, Raymond R. Lenhart, Jr., has been prevented from attending to his usual and customary duties, avocations and occupations, thereby causing him to sustain a loss of earnings and/or earning capacity, all to his great financial detriment and loss.

WHEREFORE, Plaintiff, Raymond R. Lenhart, Jr., hereby demands judgment against Defendant, Utility Trailer Manufacturing Co., in an amount which will fairly and justly compensate Plaintiff for his injuries and damages.

## COUNT XI

## RAYMOND R. LENHART, JR. VS. PAYLESS FREIGHT, INC.

## NEGLIGENCE

81.     Plaintiff, Raymond R. Lenhart, Jr., hereby incorporates by reference hereto paragraphs one through eighty, inclusively, as if the same were fully set forth herein at length.

82.     The aforementioned incident was caused solely by the negligence of the Defendants

named herein, individually and by and through their agents, servants, workmen and/or employees, in failing to properly maintain the subject trailer.

83.     The negligence, recklessness and carelessness of the Defendants named herein consisted, inter alia, of the following:

(a)     failing to properly maintain the subject floor of the trailer and abate the aforementioned defective condition, which the Defendants knew, or reasonably should have known existed prior to the time of Plaintiff's injury;

(b)     failing to warn all individuals who would be in the proximity of the dangerous condition that same existed;

(c)     allowing a dangerous and hazardous condition to exist on the subject floor of the trailer;

(d)     failing to properly maintain the subject trailer in accordance with the federal, state, and local ordinances;

(e)     failing to remedy the defective condition which existed on the subject trailer floor as to avoid injury to individuals, such as Plaintiff, when the Defendants knew, or reasonably should have known that by failing to remove the subject defective condition, they presented an ever-increasing risk of harm to individuals such as Plaintiff;

(f)     failing to properly inspect the subject trailer in an effort to discover the defective condition and thereby remedy same;

(g)     allowing the trailer to be utilized in a dangerous defective condition;

(h)     such other negligence as may be revealed through discovery and/or at the time of trial; and,

(i)     being otherwise negligent under the circumstances.

84.     As a result of the aforementioned incident Plaintiff, Raymond R. Lenhart, Jr., was

caused to sustain serious and permanent injuries in, on and about his person including, but not limited to, tear of the posterior horn of the medial meniscus and degeneration of the posterior lateral horn of the meniscus, contusion of the tibial spine and joint effusion, which injuries required surgical intervention in the nature of arthroscopy with medial and lateral meniscectomies and chondroplasty with resultant permanent scarring, all of which have caused him and will continue to cause him a great deal of pain, suffering and inconvenience, and all of which are permanent in nature, character and duration.

85.     As a result of the aforementioned incident and resultant injuries, Plaintiff, Raymond R. Lenhart, Jr., has been caused to expend various sums of money for medicine and medical attention in an effort to treat and cure himself of his injuries and to have essential services performed during the duration of his physical impairment, all to his great financial detriment and loss.

86.     As a further result of the aforementioned incident and resultant injuries, Plaintiff, Raymond R. Lenhart, Jr., has been prevented from attending to his usual and customary duties, avocations and occupations, thereby causing him to sustain a loss of earnings and/or earning capacity, all to his great financial detriment and loss.

WHEREFORE, Plaintiff, Raymond R. Lenhart, Jr., hereby demands judgment against Defendant, Payless Freight, Inc., in an amount which will fairly and justly compensate Plaintiff for his injuries and damages.

<u>**COUNT XII**</u>

<u>**RAYMOND R. LENHART, JR. VS. JOHN DOE TRAILER OWNER, JOHN DOE TRAILER OPERATOR, JOHN DOE MAINTENANCE COMPANY, AND JOHN DOE, #S 1-5**</u>

<u>**NEGLIGENCE**</u>

87.     Plaintiff, Raymond R. Lenhart, Jr., hereby incorporates by reference hereto paragraphs one through eighty-six, inclusively, as if the same were fully set forth herein at length.

88.     The aforementioned incident was caused solely by the negligence of the Defendants

- 31 -

named herein, individually and by and through their agents, servants, workmen and/or employees, in failing to properly maintain the subject trailer.

89. The negligence, recklessness and carelessness of the Defendants named herein consisted, inter alia, of the following:

 (a) failing to properly maintain the subject floor of the trailer and abate the aforementioned defective condition, which the Defendants knew, or reasonably should have known existed prior to the time of Plaintiff's injury;

 (b) failing to warn all individuals who would be in the proximity of the dangerous condition that same existed;

 (c) allowing a dangerous and hazardous condition to exist on the subject floor of the trailer;

 (d) failing to properly maintain the subject trailer in accordance with the federal, state, and local ordinances;

 (e) failing to remedy the defective condition which existed on the subject trailer floor as to avoid injury to individuals, such as Plaintiff, when the Defendants knew, or reasonably should have known that by failing to remove the subject defective condition, they presented an ever-increasing risk of harm to individuals such as Plaintiff;

 (f) failing to properly inspect the subject trailer in an effort to discover the defective condition and thereby remedy same;

 (g) allowing the trailer to be utilized in a dangerous defective condition;

 (h) such other negligence as may be revealed through discovery and/or at the time of trial; and,

 (i) being otherwise negligent under the circumstances.

90. As a result of the aforementioned incident Plaintiff, Raymond R. Lenhart, Jr., was

caused to sustain serious and permanent injuries in, on and about his person including, but not limited to, tear of the posterior horn of the medial meniscus and degeneration of the posterior lateral horn of the meniscus, contusion of the tibial spine and joint effusion, which injuries required surgical intervention in the nature of arthroscopy with medial and lateral menisectomies and chondroplasty with resultant permanent scarring, all of which have caused him and will continue to cause him a great deal of pain, suffering and inconvenience, and all of which are permanent in nature, character and duration.

91.     As a result of the aforementioned incident and resultant injuries, Plaintiff, Raymond R. Lenhart, Jr., has been caused to expend various sums of money for medicine and medical attention in an effort to treat and cure himself of his injuries and to have essential services performed during the duration of his physical impairment, all to his great financial detriment and loss.

92.     As a further result of the aforementioned incident and resultant injuries, Plaintiff, Raymond R. Lenhart, Jr., has been prevented from attending to his usual and customary duties, avocations and occupations, thereby causing him to sustain a loss of earnings and/or earning capacity, all to his great financial detriment and loss.

WHEREFORE, Plaintiff, Raymond R. Lenhart, Jr., hereby demands judgment against Defendants, John Doe Trailer Owner, John Doe Trailer Operator, John Doe Maintenance Company, and John Doe, #s 1-5, in an amount which will fairly and justly compensate Plaintiff for his injuries and damages.

## COUNT XIII

## SUSAN LENHART VS. ALL DEFENDANTS

## LOSS OF CONSORTIUM

93.     Plaintiff, Susan Lenhart, hereby incorporates by reference hereto paragraphs one through ninety-two, inclusively, as if the same were fully set forth herein at length.

94.     As a result of the aforesaid injuries sustained by Plaintiff, Raymond R. Lenhart, Jr.,

as a sole result of the negligence of the Defendants, Plaintiff, Susan Lenhart, has been damaged in that she has been and will continue to be deprived of the aid, comfort, companionship, services and consortium of her husband, Plaintiff, Raymond R. Lenhart, Jr., and has been forced to expend various sums of money for medicine and medical attention in an effort to treat and cure her husband of his injuries, and to have essential services performed during the duration of his physical impairment, all to her great financial detriment and loss.

WHEREFORE, Plaintiff, Susan Lenhart, hereby demands judgment against Defendants, Ocean Spray Cranberries, Inc., K. Trucking & Son, Inc., Ryder Truck Rental, Inc., Cliffstar Corporation, Above & Beyond Courier, K&A Carrier Service, Utility Trailer Manufacturing Co., Payless Freight, Inc., John Doe Trailer Owner, John Doe Trailer Operator, John Doe Maintenance Company, and John Doe, #s 1-5, in an amount which will fairly and justly compensate her for her damages.

STEPHEN W. BRUCCOLERI, ESQUIRE
Attorney for Plaintiffs

Date:  May 6, 2010

## **CERTIFICATE OF SERVICE**

I, Stephen W. Bruccoleri, Esquire, hereby certify that a true and correct copy of the

foregoing Plaintiffs' Amended Complaint was electronically filed and is available for viewing

and downloading from the Electronic Case Filing System.  I further certify that on this date, I

served a copy of the Plaintiffs' Amended Complaint on opposing counsel for all represented

parties by sending a copy via U.S. First Class Mail, postage prepaid to:

Bruce M. Gunn, Esquire
Martin, Gunn & Martin, P.A.
Sentry Office Plaza, Suite 420
P.O. Box 358
Westmont, NJ 08108
856-858-0900
Fax:  856-858-1278
Email:  bgunn@martingunn.com
*Attorney for Defendant, Ocean Spray Cranberries, Inc.*

Walter J. Klekotka, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
200 Lake Drive East, Suite 300
Cherry Hill, NJ 08002
856-414-6000
Direct Dial:  856-414-6032
Fax:  856-414-6077
Email:  wjklekotka@mdwcg.com
*Attorney for Defendant, Above & Beyond Courier*

Walter H. Swayze, III, Esquire
Segal, McCambridge, Singer & Mahoney
15 Exchange Place
Suite 1020
Jersey City, NJ 07302
201-209-0393
Fax:  201-209-1223
*Attorney for Defendant, Cliffstar Corporation*

Amy L. Bargerhuff, Esquire
Ward, Greenberg, Heller & Reidy, LLP
7001 Lincoln Drive West
Suite 203

Marlton, NJ 08053
856-797-8555
Fax:  856-797-8655
Email:  abargerhuff@wardgreenberg.com
*Attorney for Defendant, Utility Trailer Manufacturing Co.*

Matthew D. Garson, Esquire
Lavin, O'Neil, Ricci, Cedrone & DiSipio
1300 Route 73, Suite 307
Mount Laurel, NJ 08054
856-778-5544
Fax:  856-793-0237
Email:  mgarson@lavin-law.com
*Attorney for Defendant, K. Trucking & Son, Inc.*

Date:  May 6, 2010

_____
Stephen W. Bruccoleri, Esquire
Attorney for Plaintiffs